**DENNIS M. CHARNEY** ISB# 4610
P.O. Box 171
Ten Sleep, WY
Telephone: (208) 938-9500
Email: dennischarney@gmail.com

*Attorney for Defendant Community Connections Incorporated*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DORINDA J. THOMPSON, on behalf of herself and all others similarly situated,<br><br>                                         Plaintiff,<br><br>v.<br><br>COMMUNITY CONNECTIONS INCORPORATED, an Idaho Corporation,<br><br>                                         Defendant. | **Case No.**<br><br><br>**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT** |

### I. PRELIMINARY STATEMENT AND CAUSE FOR REMOVAL

Without submitting to the jurisdiction of this Court and without waiving any available defenses, Defendant Community Connections Incorporated ("CCI") hereby removes this action from the First Judicial District Court of Kootenai County, Idaho to the United States District Court for the District of Idaho because a federal question necessitates such a removal. In support of this Notice of Removal, CCI states as follows:

**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**—1

## II. INTRODUCTION

1.      Plaintiffs filed a Class Action Complaint ("Complaint") in the First Judicial District Court of Kootenai County, Idaho on May 10th, 2019. A true and correct copy of the Complaint is attached hereto as Exhibit A. CCI was served with Plaintiffs' Complaint July 18, 2019.  (Exhibit B, Sate Court Docket).

## III. NOTICE OF REMOVAL IS TIMELY

2.      This Notice is filed within one year of the commencement of this action.

3.      CCI files this Notice within 30 days of service of Plaintiff's Complaint on July 18, 2019. Thus, Notice of Removal is timely under 28 U.S.C. § 1446(b)(1).

## IV. THIS COURT HAS FEDERAL QUESTION JURISDICTION

4.      Because this action involves substantial federal issues foundational to the complaint, the district court should have original jurisdiction. (28 U.S.C. § 1331). See *Franchise Tax Board* v. *Construction Laborers Vacation Trust,* 463 U. S. 1 (1983). To begin with, Plaintiff's First Cause of Action, arises, she alleges, from the Fair Labor Standards Act (Exhibit A, ¶ 3.2 and see 29 U.S. Code § 216(b). The Second Cause of Action also cites to federal law, albeit generally, by alleging that the unlawful deductions were "in violation of state and federal law." Here, both causes of action have a basis in federal law; however, even if only one cause of action presents an independent and independently sufficient claim for relief, then whether that claim "arises under" federal law within the meaning of §1331 must be determined without reference to any other claims. *Se*e *Mine Workers v. Gibbs*, 383 U. S. 715 (1966).

**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**—2

5.      This court also has jurisdiction because the Plaintiff's claims are contract-based, and the contract specifies that any claims arising under the contract should be tried in federal or state court within Ada County. For example, in ¶ 4.4 of the Complaint, the Plaintiff alleges that "[a]ny deductions from paychecks based upon a perceived violation of a noncompete agreement is a violation of state law regarding lawful payroll deductions."

That noncompete agreement between the Plaintiff and Defendant is attached as Exhibit D and specify that claims should be tried in Ada County. Paragraph 4.3 states as follows:

**Governing Law; Jurisdiction; Venue; Attorney Fees.** This agreement shall be governed by the laws of the State of Idaho, without regard to its conflict-of-laws rules. The parties consent to the exclusive jurisdiction and venue of the federal and state courts located in Ada County, Idaho, for the litigation of any disputes arising under or related to this Agreement. In any such litigation, the prevailing party shall be entitled to receive its reasonable attorney fees and costs of court from the other party.

Because those contract terms specify that any claims related to the non-compete agreement shall be adjudicated in Ada County, this court has the jurisdiction to adjudicate these claims.

## V. PROCEDURAL COMPLIANCE

6.      In accordance with 28 U.S.C. § 1446(a), attached as exhibits hereto are:

**EXHIBIT A:** Class Action Complaint

**EXHIBIT B:** State Court Docket (Affidavit of Service Date included)

**EXHIBIT C:** State Court Notice: Notice of the filing of this Notice of Removal is being served on Plaintiffs' counsels of record, and a copy of this Notice of Removal will be promptly filed with the Clerk of the District Court of Kootenai County, Idaho. See 28 U.S.C. § 1446(d).

## VI. CONCLUSION

Because a substantial federal question exists and the contract-based claims specify that claims be adjudicated in courts in Ada County, this court has jurisdiction over this action. Therefore, CCI gives notice that the matter be removed to the U.S. District Court for the District of Idaho.

DATED THIS 1st day of August, 2019.

/s/ Dennis M. Charney
 DENNIS M. CHARNEY
 *Attorney for Defendant*
 *Community Connections Incorporated*

**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT—4**

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 1st day of August 2019, I filed the foregoing document electronically through the CM/ECF system, which caused the following parties or counsel to be notified electronically, as more fully reflected in the Notice of Electronic Filing:

Kammi Mencke Smith, Attorney for the Plaintiff
kms@winstoncashatt.com

_____/s/ Dennis M. Charney_____
Dennis M. Charney
*Attorney for Defendant*

EXHIBIT A

Electronically Filed
8/10/2019 2:22 PM
First Judicial District, Kootenai County
Jim Brannon, Clerk of the Court
By: Katherine Hayden, Deputy Clerk

WINSTON & CASHATT, LAWYERS
KAMMI MENCKE SMITH, ISB No. 7834
250 Northwest Boulevard, Suite 206
Coeur d'Alene, Idaho  83814
Phone: (509) 838-6131
Facsimile: (509) 838-1416
kms@winstoncashatt.com
Attorneys for Plaintiff

IN THE DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT OF THE STATE
OF IDAHO, IN AND FOR THE COUNTY OF KOOTENAI

| | |
|---|---|
| DORINDA J. THOMPSON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>COMMUNITY CONNECTIONS INCORPORATED, an Idaho corporation,<br><br>Defendant. | No.   CV28-19-3531<br><br>**CLASS ACTION COMPLAINT**<br><br>FEE CATEGORY: A.A.<br>FEE:  $221.00 |

Plaintiff Dorinda J. Thompson, by and through her attorney of record, Kammi Mencke

Smith and Winston & Cashatt, Lawyers, alleges as follows:

## I.  PARTIES, JURISDICTION AND VENUE

1.1     Plaintiff Dorinda J. Thompson is, and at all times relevant hereto was, a resident

of Kootenai County, Idaho.

CLASS ACTION COMPLAINT
Page 1

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

Mitchell, John T.

1.2    Defendant Community Connections Incorporated (CCI), is an Idaho corporation conducting business in multiple counties in Idaho, including Kootenai County.

1.3    Jurisdiction is proper pursuant to Idaho Code § 514-(a) as defendant transacts business within the state of Idaho.

1.4    Venue is proper pursuant to Idaho Code § 5-404 as the parties reside in, and engage in business in, Kootenai County, Idaho.

## II. FACTS

2.1    Defendant operates residential treatment facilities and serves as a service coordination agency specializing in advocacy for children and adults with developmental disabilities.

2.2    Plaintiff began working for defendant in approximately April of 2018 and was given the title "Life Coach".

2.3    Plaintiff was a valued employee of defendant in a residential facility located in Hayden, Idaho.

2.4    Plaintiff regularly worked more than 40 hours in a workweek.

2.5    During Plaintiff's employment, she had unauthorized deductions from her paycheck for, without limitation, training fees and recapture fees during her employment and at the conclusion of her employment.

2.6    Plaintiff stopped working for CCI on February 28, 2019.

2.7    Plaintiff was provided her final paycheck by CCI on March 1, 2019.

2.8    Plaintiff's final paycheck failed to provide her with mileage and overtime.

CLASS ACTION COMPLAINT
Page 2

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

2.9     Plaintiff provided proper notice of her wage complaints to the employer during her employment and again in March 2019.

### III.  FIRST CAUSE OF ACTION:
### WRONGFUL CALCULATION OF OVERTIME PAY

3.1     Plaintiff incorporates the preceding paragraphs as if set forth herein.

3.2     Under the Fair Labor Standards Act, overtime at a rate of 1.5 times the regular rate of pay shall be paid for all hours worked over 40 hours in a work week.

3.3     CCI failed to pay its employees overtime at a rate using the weighted regular rates of pay.

3.4     CCI's employee handbook indicates that "where an employee in a single workweek works at two or more different type of works/rates, his regular rate for that week is the average of such rates."

3.5     CCI's failure to pay this statutorily required weighted average of different rates of pay, resulted in employees being paid less than statutorily required.

### IV.  SECOND CAUSE OF ACTION:
### UNAUTHORIZED DEDUCTIONS FROM WAGES

4.1     Plaintiff incorporates the preceding paragraphs as if set forth herein.

4.2     CCI's Payroll Deduction Authorization & Recapture Agreement sets forth the payroll deductions that will be taken for training and recapture fees.

4.3     CCI took additional deductions from employees' paychecks than those authorized by this Agreement and in violation of Idaho State Law.

CLASS ACTION COMPLAINT
Page 3

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

4.4    Any deductions from paychecks based upon a perceived violation of a non-compete agreement is a violation of state law regarding lawful payroll deductions.

4.5    Unlawful deductions from employees' paychecks resulted in employees not being paid for all hours worked, in violation of state and federal law.

## VI.  REQUEST FOR CLASS ACTION STATUS

5.1    Plaintiff seeks certification of this action as a class action representing the interests of all hourly non-exempt employees of CCI.

5.2    Upon information and belief, the class includes more than 100 current and former employees of CCI.

5.3    The claims of the Plaintiff are typical of the claims of other hourly employees who were not paid the appropriate overtime rate, and who had wrongful withholdings from their wages.

5.4    Plaintiff will fairly and adequately protect the interests of the class by seeking a declaration as to proper sharing of Common Expenses under the Declaration.

5.5    The prosecution of separate actions in this matter would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class.

5.6    Moreover, the adjudication with respect to the Plaintiff would as a practical matter be dispositive of the interests of the other members not parties to the adjudications.

CLASS ACTION COMPLAINT
Page 4

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

5.7     Defendant has acted or refused to act on grounds applicable to all the class members, thereby making appropriate final injunction relief or corresponding declaratory relief with respect to the class as a whole.

5.8     This Court will find that the questions of law or fact common to the members of the class predominate over the question affecting only individual members and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5.9     Plaintiff is entitled to an order determining that this action may be maintained as a class action.

## VI.  PRAYER FOR RELIEF

Plaintiff respectfully requests that the following relief be granted:

6.1     Entry of an order that the class action may be maintained.

6.2     An award of damages in an amount to be proven at trial.

6.3     An award of exemplary damages as allowed by state and federal law.

6.4     An award of reasonable attorney's fees and costs as allowable by state and federal law.

6.5     All other further relief which the court deems just and equitable.

DATED this 7th day of May, 2019.

/s/ Kammi Mencke Smith
KAMMI MENCKE SMITH, ISB No. 7834
Winston & Cashatt, Lawyers
Attorneys for Plaintiff



A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

EXHIBIT B

## Case Information

CV28-19-3531 | Dorinda Thompson Plaintiff, vs. Community Connections Incorporated Defendant.

| | | |
|---|---|---|
| Case Number | Court | Judicial Officer |
| CV28-19-3531 | Kootenai County District Court | Mitchell, John T. |
| File Date | Case Type | Case Status |
| 05/10/2019 | AA- All Initial District Court Filings (Not E, F, and H1) | Active - Pending |

## Party

Plaintiff
Thompson, Dorinda J

DOB
XX/XX/1992

Active Attorneys ▾

Lead Attorney
Smith, Kammi Mencke
Retained

Defendant
Community Connections Incorporated

## Events and Hearings

05/10/2019 Initiating Document - District

05/10/2019 Complaint Filed ▾

Comment
Class Action

05/10/2019 Summons Issued

05/10/2019 Civil Case Information Sheet

07/18/2019 Declaration ▾

Comment
of Service-07/08/2019 TS obo Community Connect.

## Financial

Thompson, Dorinda J

|  |  |  |  |  |
|---|---|---|---|---|
| | Total Financial Assessment | | | $221.00 |
| | Total Payments and Credits | | | $221.00 |
| 5/16/2019 | Transaction Assessment | | | $221.00 |
| 5/16/2019 | EFile Payment | Receipt # 18044-2019-R28 | Thompson, Dorinda J | ($221.00) |

EXHIBIT C

**DENNIS M. CHARNEY** ISB# 4610
P.O. Box 171
Ten Sleep, WY
Telephone: (208) 938-9500
Email: dennischarney@gmail.com

*Attorney for Defendant Community Connections Incorporated*

## IN THE DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT OF THE
## STATE OF IDAHO, IN AND FOR THE COUNTY OF KOOTENAI

| | |
|---|---|
| DORINDA J. THOMPSON, on behalf of herself and all others similarly situated,<br><br>                                  Plaintiff,<br><br>v.<br><br>COMMUNITY CONNECTIONS INCORPORATED, an Idaho Corporation,<br><br>                                  Defendant. | Case No.   CV28-19-3531<br><br>**NOTICE OF REMOVAL TO FEDERAL COURT** |

TO: THE CLERK OF THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE

STATE OF IDAHO, IN AND FOR THE COUNTY OF KOOTENAI

 PLEASE TAKE NOTICE that the above-entitled action has been removed to the United

States District Court for the District of Idaho. A copy of the Notice of Removal, with Certificate

of Service to Plaintiffs' attorneys is attached.

DATED THIS   2nd  day of August, 2019.

                                         /s/
                                    DENNIS M. CHARNEY
                                    *Attorney for Defendant*
                                    *Community Connections Incorporated*

**NOTICE OF REMOVAL TO FEDERAL COURT**—1

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 2nd day of August 2019, I filed the foregoing document electronically through the CM/ECF system, which caused the following parties or counsel to be notified electronically, as more fully reflected in the Notice of Electronic Filing:

Kammi Mencke Smith, Attorney for the Plaintiff
kms@winstoncashatt.com

_____/s/ Dennis M. Charney_____
Dennis M. Charney
*Attorney for Defendant*

EXHIBIT D

## NON-COMPETE & NON-SOLICITATION AGREEMENT

This Non-Compete and Non-Solicitation Agreement ("Agreement") is entered into effective as of ___April 19___, 20 18 ("Effective Date"), by Community Connections, Inc., an Idaho corporation ("Company"), and ___Dorinda J. Thompson___ ("Employee"). Company and Employee are referenced in this Agreement individually as a "party" and collectively as the "parties."

## RECITALS

A.    Company's principal business is assisting individuals with disabilities through Residential Habilitation / Supported Living, Crisis Placement Services, Adult Day Program, Children's Redesign Services, Children's school based contractual services, Employment Services, Infant Toddler Service Coordination & the state's Self Directed service option ("Business").

B.    Employee has been offered a position as, an employee of Company as an "at will" employee for compensation.

C.    As an employee of Company, Employee has obtained and/or will obtain extensive knowledge of the Business and of Company's confidential information.  Employee also has developed and/or will develop strong contacts and relationships with Company's business contacts including participants ("Customers"), referral sources, suppliers and employees.

D.    Employee acknowledges that Company has legitimate business interests in preserving its confidential information and its business contacts and relationships with its Customers and employees. This Agreement is intended to reasonably protect those legitimate business interests as permitted by law.

NOW, THEREFORE, in consideration of the mutual promises and covenants contained in this Agreement, the receipt and legal sufficiency of which consideration are hereby acknowledged, and for other valuable consideration including continued employment and incorporation of the recitals above, the parties hereby agree as follows:

## AGREEMENT

1.    **Restrictive Covenants.**  Employee shall comply with the following restrictive covenants (individually, a "Covenant," and collectively, the "Covenants"):

1.1    **Customer Non-Solicitation Covenant.**

(i)    For so long as Employee is employed by Company, Employee shall not (whether on Employee's own behalf or on behalf of a third party) solicit or divert or attempt to solicit or divert orders for products or services offered by Company from any person or entity for whom Company had performed any services or to whom Company had sold any products during the preceding one-year period.

(ii)    For a period of twelve (12) months following the termination, resignation or separation (mutual or not regardless of the motive) for any reason re: the employment relationship between Company and Employee, Employee shall not (whether on Employee's own behalf or on behalf of a third party) solicit or divert or attempt to solicit or divert orders for products or services offered by Company from any Customer with whom Employee had contact in performing his or her job duties for Company.

(iii)    For a period of twelve (12) months following the termination, resignation or separation (mutual or not regardless of the motive) for any reason re: the employment relationship between Company and Employee, Employee shall not work with, provide services to or in any manner otherwise assist, directly or indirectly, with or without compensation, any of EMPLOYER's Customers (participants) at the time of EMPLOYEE's employment who were serviced by EMPLOYER even if EMPLOYEE did not work with the Customer (participant) directly.

NON-COMPETE AND NON-SOLICITATION AGREEMENT - 1

1.2     **Employee Non-Solicitation Covenant.**

(i)     For so long as Employee is employed by Company, Employee shall not (whether on Employee's own behalf or on behalf of a third party) hire, solicit for hire, or attempt to solicit for hire any person who then is employed by Company.

(ii)    For a period of twelve (12) months after the termination for any reason of the employment relationship between Company and Employee, Employee shall not (whether on Employee's own behalf or on behalf of a third party) hire, solicit for hire, or attempt to solicit for hire any person who, at any time during the six-month period preceding such termination, was employed by Company.

(iii)   If Employee were to violate this section and the violation were to cause a person to leave Company's employ, Employee acknowledges that the amount of damages Company would sustain would be difficult to ascertain and that the most reasonable estimate of those damages would be the amount of that person's annual salary with Company. Accordingly, in that event, Employee shall pay liquidated damages to Company in that amount.

1.3     **Non-Disparagement Covenant.** Employee will not at any time make any statements injurious to the business or goodwill of Company.

2.      **Consideration.** In consideration for Employee's execution of this Agreement, Company shall employ (or shall continue to employ) Employee. The parties' employment relationship shall be pursuant to Company's regular employment policies and procedures, as modified by Company from time to time in its sole discretion. Nothing in this Agreement shall be deemed to render Employee other than an "at-will" employee of Company.

3.      **Enforcement.**

3.1     **Covenants are Reasonable.** Employee acknowledges that the Covenants are reasonable in scope, duration, and geography and are necessary to protect Company's legitimate business interests. If a court of competent jurisdiction nevertheless deems any Covenant unenforceable, the parties agree that the court, to the extent permitted by law, is to modify that Covenant to the minimum extent necessary to render it enforceable or replace that Covenant with an enforceable provision that most nearly accomplishes the parties' intent. This provision shall expressly supersede any common law rule not allowing the Court to "blue pencil" in language to make the Covenant enforceable.

3.2     **Claims Against Company.** No claim or cause of action of any kind that Employee may have at any time against Company shall constitute a defense to Company's enforcement of this Agreement.

3.3     **Injunctive Relief.** If Employee breaches any of the Covenants, an award of money damages would not adequately compensate Company for the harm done by the breach. Accordingly, if Employee breaches or threatens to breach any Covenant, Company shall be entitled to injunctive relief pursuant to Idaho Rule of Civil Procedure 65 against the breach or threatened breach, without posting any bond or other security. This injunctive relief shall be in addition to the other relief available to Company at law or in equity.

3.4     **Indemnification.** Employee agrees to indemnify and hold harmless Company against and from all losses, damages, liabilities and expenses (including, without limitation, reasonable attorney fees and costs of court) that Company suffers, sustains or incurs as a result of any breach of this Agreement by Employee.

3.5     **Notification.** If at any time Company has reason to believe that Employee has accepted or is considering an employment or other relationship with a third party that may implicate any of the Covenants then in effect, Employee acknowledges that Company may advise the third party of the existence and terms of this Agreement.

NON-COMPETE AND NON-SOLICITATION AGREEMENT - 2

4.   **Miscellaneous.**

4.1   **Entire Agreement; Amendment.**  This Agreement sets forth the entire agreement of the parties with respect to its subject matter, and it supersedes all prior discussions, negotiations, understandings or agreements between the parties relating to that subject matter.  This Agreement may be amended only in a writing signed by both parties.

4.2   **Severability.**  If any provision of this Agreement is deemed unenforceable by a court of competent jurisdiction, the court shall, to the extent permitted by law, modify that provision to the minimum extent necessary to render it enforceable or replace that provision with an enforceable provision that most nearly accomplishes the parties' intent.  In any event, all of the other provisions of this Agreement shall continue in full force and effect.

4.3   **Governing Law; Jurisdiction; Venue; Attorney Fees.**  This Agreement shall be governed by the laws of the State of Idaho, without regard to its conflict-of-laws rules.  The parties consent to the exclusive jurisdiction and venue of the federal and state courts located in Ada County, Idaho, for the litigation of any disputes arising under or related to this Agreement.  In any such litigation, the prevailing party shall be entitled to recover its reasonable attorney fees and costs of court from the other party.

4.4   **Successors and Assigns.**  This Agreement shall bind and inure to the benefit of the parties and their respective heirs, personal representatives, successors and assigns, but Employee shall not have the right to assign this Agreement.

4.5   **Waiver.**  A party may waive its right to insist on the other party's performance of an obligation under this Agreement, but only as expressly set forth in a writing signed by the waiving party.  The mere failure of either party to require the other party to perform an obligation under this Agreement shall not constitute a waiver.


## EXHIBIT "A"
## Identified Trade Secrets

The parties agree the following are trade secrets of EMPLOYER and includes, but is not limited, to information, data and processes (in hard, electronic or any other form of copy) regarding any portion of the following:

1.  The names, addresses, telephone numbers and information concerning needs, requirements, contact persons and all other information obtained or compiled concerning participants and prospective participants.
    a.  'Needs, requirements' and the like are learned or obtained  via employment with CCI.

2.  Computer programs and data (paper and electronic files) used in the operation of business;

3.  Information concerning business processes, methods, policies, forms, accounts and data concerning the cost of goods or services sold (i.e. contract rates, etc.);

    a.  Information concerning expiration dates of contracts with clients and suppliers;

4.  Care and service techniques; all training / supervision / instruction provided by employer;

5.  The names, addresses, telephone numbers and all other information concerning vendors, suppliers, participants for EMPLOYER and its business;

6. Information concerning services and work processed or performed for participants, including all characteristics and conditions of clients helpful in securing and retaining the business of clients or potential clients;

7. Information concerning sources and potential sources for clients, which work either cannot or is not done by EMPLOYER for its clients, but which EMPLOYER carries out to have performed by others for its clients;

8. Each and every other item, which in law or equity is considered proprietary information, confidential or a trade secret.

COMMUNITY CONNECTIONS, INCORPORATED

Date: April 19 , 20 18           By: _____
                                     Tiffani Snelling, President (or designee)

Date: April 19 , 20 18           Employee: _____

                                 (Print Name): Dorinda J. Thompson

NON-COMPETE AND NON-SOLICITATION AGREEMENT – 4