EXHIBIT A: Complaint

Case 2:19-cv-00300-CWD   Document 2-1   Filed 08/02/19   Page 2 of 6

Electronically Filed
5/10/2019 2:22 PM
First Judicial District, Kootenai County
Jim Brannon, Clerk of the Court
By: Katherine Hayden, Deputy Clerk

WINSTON & CASHATT, LAWYERS
KAMMI MENCKE SMITH, ISB No. 7834
250 Northwest Boulevard, Suite 206
Coeur d'Alene, Idaho  83814
Phone: (509) 838-6131
Facsimile: (509) 838-1416
kms@winstoncashatt.com
Attorneys for Plaintiff

IN THE DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF KOOTENAI

| | |
|---|---|
| DORINDA J. THOMPSON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>COMMUNITY CONNECTIONS INCORPORATED, an Idaho corporation,<br><br>Defendant. | No.  CV28-19-3531<br><br>**CLASS ACTION COMPLAINT**<br><br>FEE CATEGORY: A.A.<br>FEE:  $221.00 |

Plaintiff Dorinda J. Thompson, by and through her attorney of record, Kammi Mencke Smith and Winston & Cashatt, Lawyers, alleges as follows:

**I.  PARTIES, JURISDICTION AND VENUE**

1.1 Plaintiff Dorinda J. Thompson is, and at all times relevant hereto was, a resident of Kootenai County, Idaho.

CLASS ACTION COMPLAINT
Page 1

Mitchell, John T.

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

1.2   Defendant Community Connections Incorporated (CCI), is an Idaho corporation conducting business in multiple counties in Idaho, including Kootenai County.

1.3   Jurisdiction is proper pursuant to Idaho Code § 514-(a) as defendant transacts business within the state of Idaho.

1.4   Venue is proper pursuant to Idaho Code § 5-404 as the parties reside in, and engage in business in, Kootenai County, Idaho.

## II.  FACTS

2.1   Defendant operates residential treatment facilities and serves as a service coordination agency specializing in advocacy for children and adults with developmental disabilities.

2.2   Plaintiff began working for defendant in approximately April of 2018 and was given the title "Life Coach".

2.3   Plaintiff was a valued employee of defendant in a residential facility located in Hayden, Idaho.

2.4   Plaintiff regularly worked more than 40 hours in a workweek.

2.5   During Plaintiff's employment, she had unauthorized deductions from her paycheck for, without limitation, training fees and recapture fees during her employment and at the conclusion of her employment.

2.6   Plaintiff stopped working for CCI on February 28, 2019.

2.7   Plaintiff was provided her final paycheck by CCI on March 1, 2019.

2.8   Plaintiff's final paycheck failed to provide her with mileage and overtime.

CLASS ACTION COMPLAINT
Page 2

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

2.9    Plaintiff provided proper notice of her wage complaints to the employer during her employment and again in March 2019.

### III.  FIRST CAUSE OF ACTION:
### WRONGFUL CALCULATION OF OVERTIME PAY

3.1    Plaintiff incorporates the preceding paragraphs as if set forth herein.

3.2    Under the Fair Labor Standards Act, overtime at a rate of 1.5 times the regular rate of pay shall be paid for all hours worked over 40 hours in a work week.

3.3    CCI failed to pay its employees overtime at a rate using the weighted regular rates of pay.

3.4    CCI's employee handbook indicates that "where an employee in a single workweek works at two or more different type of works/rates, his regular rate for that week is the average of such rates."

3.5    CCI's failure to pay this statutorily required weighted average of different rates of pay, resulted in employees being paid less than statutorily required.

### IV.  SECOND CAUSE OF ACTION:
### UNAUTHORIZED DEDUCTIONS FROM WAGES

4.1    Plaintiff incorporates the preceding paragraphs as if set forth herein.

4.2    CCI's Payroll Deduction Authorization & Recapture Agreement sets forth the payroll deductions that will be taken for training and recapture fees.

4.3    CCI took additional deductions from employees' paychecks than those authorized by this Agreement and in violation of Idaho State Law.

CLASS ACTION COMPLAINT
Page 3

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

4.4   Any deductions from paychecks based upon a perceived violation of a non-compete agreement is a violation of state law regarding lawful payroll deductions.

4.5   Unlawful deductions from employees' paychecks resulted in employees not being paid for all hours worked, in violation of state and federal law.

## VI.  REQUEST FOR CLASS ACTION STATUS

5.1   Plaintiff seeks certification of this action as a class action representing the interests of all hourly non-exempt employees of CCI.

5.2   Upon information and belief, the class includes more than 100 current and former employees of CCI.

5.3   The claims of the Plaintiff are typical of the claims of other hourly employees who were not paid the appropriate overtime rate, and who had wrongful withholdings from their wages.

5.4   Plaintiff will fairly and adequately protect the interests of the class by seeking a declaration as to proper sharing of Common Expenses under the Declaration.

5.5   The prosecution of separate actions in this matter would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class.

5.6   Moreover, the adjudication with respect to the Plaintiff would as a practical matter be dispositive of the interests of the other members not parties to the adjudications.

CLASS ACTION COMPLAINT
Page 4

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

5.7     Defendant has acted or refused to act on grounds applicable to all the class members, thereby making appropriate final injunction relief or corresponding declaratory relief with respect to the class as a whole.

5.8     This Court will find that the questions of law or fact common to the members of the class predominate over the question affecting only individual members and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5.9     Plaintiff is entitled to an order determining that this action may be maintained as a class action.

## VI.  PRAYER FOR RELIEF

Plaintiff respectfully requests that the following relief be granted:

6.1     Entry of an order that the class action may be maintained.

6.2     An award of damages in an amount to be proven at trial.

6.3     An award of exemplary damages as allowed by state and federal law.

6.4     An award of reasonable attorney's fees and costs as allowable by state and federal law.

6.5     All other further relief which the court deems just and equitable.

DATED this 7th day of May, 2019.

/s/ Kammi Mencke Smith
KAMMI MENCKE SMITH, ISB No. 7834
Winston & Cashatt, Lawyers
Attorneys for Plaintiff

CLASS ACTION COMPLAINT
Page 5



A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131