KAMMI MENCKE SMITH
ISB No. 7834
WINSTON & CASHATT, LAWYERS, a
Professional Service Corporation
250 Northwest Boulevard, Suite 206
Coeur d'Alene, Idaho 83814
Telephone: (208) 667-2103
Facsimile: (208) 765-2121
E-mail: kms@winstoncashatt.com

Attorneys for Plaintiff, Dorinda J. Thompson

UNITED STATES DISTRICT COURT, DISTRICT OF IDAHO, BOISE DIVISION

| | |
|---|---|
| DORINDA J. THOMPSON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>COMMUNITY CONNECTIONS INCORPORATED, an Idaho corporation,<br><br>Defendant. | Case No.2:19-cv-0300-BRW<br><br>CIVIL<br><br>**MEMORANDUM IN SUPPORT OF JOINT MOTION FOR PRELIMINARY APPOROVAL OF FLSA COLLECTIVE ACTION AND STATE LAW CLASS ACTION SETTLEMENT, AND APPROVAL OF SETTLEMENT NOTICE** |

I.   **INTRODUCTION.**

Dorinda J. Thompson (the "Named Plaintiff") on behalf of herself and as representative of the "Class Members" as defined herein, on the one hand, and the Defendant, Community Connections Incorporated, an Idaho Corporation ("CCI"), on the other hand, have entered into a Settlement Agreement (attached hereto as Exhibit A), in the currently pending action, and subject to the approval of the U.S. District Court.

PLAINTIFF'S MEMORANDUM IN SUPPORT OF
UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT
PAGE 1

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
250 Northwest Blvd., Suite 206
Coeur d' Alene, Idaho 83814
Phone: (208) 667-2103

## II. PROCEDURAL HISTORY.

The Action was filed by Plaintiff in Idaho District Court on May 10, 2019 alleging miscalculation of overtime pay as a violation of the Fair Labor Standards Act (FLSA), and unlawful payroll deductions as a violation of Idaho wage statutes. Upon CCI's request, the matter was removed to U.S. District Court on August 2, 2019. In the process of removal, Defendant requested a change of venue, which was ultimately denied. (Doc. No. 20) CCI answered the Plaintiff's Complaint on August 6, 2019 (Doc. No. 6).

During the course of litigation the parties attempted to engage in informal discovery without success. The parties exchanged numerous letters, conferred about a discovery plan and litigation deadlines on more than one occasion, and engaged in discovery which included the production of voluminous CCI payroll records.

In October 2019, unknown to Plaintiff, CCI sent form letters to approximately 90 current or former employees with settlement checks attached. On November 26, 2019 new counsel for CCI substituted into this action, with a formal Notice of Substitution filed with the Court on December 4, 2019. (Doc. No. 22) Plaintiff and new Defense counsel worked together to get new Defense counsel updated on the history of the case, and to agree on an Amended Stipulated Litigation and Discovery Plan, which was filed on January 15, 2020. (Doc. No. 23)

On February 4, 2020, Plaintiff filed a Motion to Prohibit Contact with Putative Class Members and For Corrective Action with supporting declarations and exhibits regarding the settlement checks and waivers that were sent to putative class members in October 2019. (Doc. Nos. 26 and 27) On February 28, 2020, the Court ruled that Defendant was not prevented from communicating with potential class members, but that a more explicit letter should be sent to the

PLAINTIFF'S MEMORANDUM IN SUPPORT OF
UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT
PAGE 2

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
250 Northwest Blvd., Suite 206
Coeur d' Alene, Idaho 83814
Phone: (208) 667-2103

class members. (Doc. No. 30)

On April 15, 2020, Plaintiff filed a Motion to: (1) Proceed with Collective Action; (2) Equitably toll the Statute of Limitations; and (3) Certify Class Action. (Doc. No. 31) The parties thereafter engaged in settlement discussions.

Following extensive negotiations, the parties entered a Stipulated Collective Action and Class Action Settlement Agreement ("Settlement") attached hereto as Exhibit A, which, subject to this Court's approval, resolves the litigation in full, including Plaintiff's collective action claims, class action claims, class representative fees, and attorney fees.

## III.    RELIEF REQUESTED.

The parties request the following:

a)  The appointment of Kammi Smith of Winston & Cashatt Lawyers as Class Counsel;

b)  Certification of the action as a Collective and Class Action;

c)  The Settlement Agreement should be preliminarily approved;

d)  The form and manner of Notice should be approved;

e)  CCI should be appointed as the Administrator of the Class; and

f)  A Final Approval of Settlement Hearing date should be set.

## IV.    THIS COURT SHOULD GRANT FINAL APPROVAL OF ALL TERMS IN THE STIPULATED SETTLEMENT AGREEMENT.

### a.    Kammi Smith and Winston & Cashatt lawyers Should be Appointed as Class Counsel.

The parties request that the Court, for purposes of settlement only, appoint Kammi Mencke Smith of Winston & Cashatt, Lawyers as class counsel. Ms. Smith and Winston & Cashatt, Lawyers have significant experience with wage and hour litigation and class/collective actions.

PLAINTIFF'S MEMORANDUM IN SUPPORT OF
UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT
PAGE 3

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
250 Northwest Blvd., Suite 206
Coeur d' Alene, Idaho 83814
Phone: (208) 667-2103

**b. The Lawsuit should be Certified as a Collective and Class Action.**

The parties request, for the purpose of settlement only, that the Court certify a collective action and class action Settlement class as follows:

> All prior and current hourly employees of CCI from March 8, 2018 until October 31, 2018, who either 1) were improperly paid overtime wages, or 2) had improper deductions taken from their wages.

**c. The Stipulated Settlement Agreement should be Preliminarily Approved.**

A proposed collective action settlement under the FLSA requires a district court to determine whether the settlement represents a fair and reasonable resolution of a bona fide dispute. See, Lynn's Food Stores, Inc. v. U.S. 679 F.2d 1350, 1355 (11th Cir. 1982).[1]  The Court should begin its analysis with a presumption that the Settlement is fair and should be approved if it is the product of arms-length negotiations conducted by capable counsel, with experience in complex class action litigation.  M. Berenson Co., Inc. v. Faneuil Hall Marketplace, Inc., 671 F.Supp. 819, 822 (D. Mass. 1987).  The Court should consider factors such as the risk, expense, complexity, and the likely duration of the litigation; the amount offered in settlement; the extent of discovery completed; and the reaction of putative members to the proposed settlement.  Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1988).  In this analysis, settlement of an FLSA claim is similar to a Rule 23 settlement.  Fenn v. Hewlett-Packard Co., 2012 WL 6680358, at *1 (Dec. 21, 2012).

---

[1] While not formally adopted by the Ninth Circuit, the Lynn's test has been applied by many district courts within the Ninth Circuit.  See, East Boise Co. Ambulance Dist., v. Gehrls, No. 1:18-CV-00151-BLW, 2018 WL 3636530, at *2 (D. Idaho July 31, 2018); Grewe v. Cobalt Mortg., Inc., No. C16-577JCC, 2016 WL 4014114, at *1 (W.D. Wash, 2016)

PLAINTIFF'S MEMORANDUM IN SUPPORT OF
UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT
PAGE 4

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
250 Northwest Blvd., Suite 206
Coeur d' Alene, Idaho 83814
Phone: (208) 667-2103

Preliminary approval should be granted where it appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to segments of the class, and falls within the range of possible approval. Id. These factors are well established in the present case.

      i.    <u>The value of the Settlement and the fact that all Class members stand to benefit support final approval.</u>

This Settlement now before the Court is fully set forth in the Stipulated Collective Action and Class Action Settlement Agreement ("Settlement") attached hereto as Exhibit A. The proposed Settlement is a reasonable compromise of contested issues. The Settlement provides for an excellent result for all Class members, after a complete audit of CCI payroll records. Every Class member will receive reimbursement for alleged wage loss and wage deductions based upon an audit done of CCI payroll records. Class members are receiving $5,954.10 which constitutes more than 100% of their wages that are allegedly due, or deductions that were allegedly taken. The only claims that the Class members compromised on were liquidated/exemplary damages (double or triple their settlement amounts based upon either state or federal law). However, liquidated damages are not automatic. <u>Local 246 Util. Workers Union v. Southern Cal. Edison Co.</u>, 83 F.3d 292, 297 (9th Cir. 1996). The parties believe the Settlement is a fair and reasonable compromise over the issues that are in dispute, adequate, takes away any risk of litigation, and they request an Order from this Court confirming the same.

      ii.    <u>The level of likelihood of success by Plaintiffs and the risks inherent in continued litigation support final approval.</u>

The Settlement here serves the interest of the Class far better than continued litigation. To be successful regarding unpaid overtime and/or wrongful deductions, Plaintiffs would have to

PLAINTIFF'S MEMORANDUM IN SUPPORT OF
UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT
PAGE 5

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
250 Northwest Blvd., Suite 206
Coeur d' Alene, Idaho 83814
Phone: (208) 667-2103

overcome CCI's defense that they fully paid all wages due and owing, and that any deductions taken were agreed upon. If this case was litigated, it is likely that Plaintiffs would get less than what is being offered in Settlement, and unlikely that liquidated or exemplary damages would be awarded. Furthermore, the COVID-19 pandemic has had a detrimental effect on CCI (as it has on many small businesses around the Country) and it is possible that CCI would not have the funds to pay any larger award.

Another factor for the Court to consider in assessing the fairness of the Settlement is the complexity, expense and likely duration of the litigation had a settlement not been reached. <u>Officers for Justice v. Civil Service Com'n of City and County of San Francisco</u>, 688 F.2d, 615 625 (9th Cir. 1982) When applying this factor, the court is to weigh the benefits of the Settlement against the expense and delay involved in achieving an equivalent or more favorable result at trial. <u>Young v. Katz</u>, 447 F.2d 431, 434 (5th Cir. 1971). Were Plaintiffs to be successful on their claims, the Class would have likely faced extensive further litigation and attendant delays, including the requirement to hire an economic/accounting expert, numerous appellate attacks, including attempts to decertify the Class and defeat the merits of the Class claims. The Settlement avoids these challenges and is an important factor weighing in favor of final approval of the Settlement.

    iii. <u>The fact that substantial discovery and motion practice occurred before Settlement favors final approval.</u>

In class action cases, courts also consider the amount and nature of discovery and evidence developed at the time of the settlement in determining whether the settlement is fair, adequate and reasonable. In this case, the Settlement was reached after nearly a year of litigation, extensive pre- and post-filing investigation, and discovery. In these efforts, Class Counsel, as well as counsel for CCI, undertook extensive legal and factual analysis of the core issues in this case, including an in

PLAINTIFF'S MEMORANDUM IN SUPPORT OF
UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT
PAGE 6

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
250 Northwest Blvd., Suite 206
Coeur d' Alene, Idaho 83814
Phone: (208) 667-2103

depth analysis of CCI payroll records and employee handbooks.

By the time the parties reached the Settlement, they had compiled sufficient information and conducted extensive analyses, including damage analyses, to assess the strengths and weaknesses of their respective cases. Class Counsel believed it had more than a sufficient understanding of the legal and factual basis of the Class claim to make a thorough appraisal of the adequacy of the Settlement. In short, Class Counsel is in an excellent position to recognize and to represent to the Court that this Settlement provides an excellent result for the Class.

    iv.    <u>The recommendation of experienced Class Counsel supports final approval.</u> Counsel in this case are well experienced and skilled in class action litigation and support the Settlement as fair, reasonable and adequate and in the best interests of the Class as a whole. In fact, Class Counsel believes the Settlement to be an excellent result on behalf of the Class.

    v.    <u>The presence of good faith and absence of collusion favors final approval.</u> In determining the fairness of the Settlement, the Court should consider the presence of good faith and absence of collusion on the part of the parties to it. In this case, there is no allegation of either collusion or bad faith. Courts have recognized that arms-length negotiations conducted by competent counsel are prima facie evidence of fair settlements. As held by the United States Supreme Court:

> One may take a settlement amount as good evidence of the maximum available if one can assume that parties of equal knowledge and negotiating skill agreed upon the figure through arms-length bargaining …

<u>Ortiz v. Fibreboard Corp</u>., 527 U.S. 815, 852 (1999).

The proposed Settlement in this case is the result of extensive arms-length negotiations over the course of numerous weeks, between experienced attorneys who are highly familiar with

PLAINTIFF'S MEMORANDUM IN SUPPORT OF
UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT
PAGE 7

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
250 Northwest Blvd., Suite 206
Coeur d' Alene, Idaho 83814
Phone: (208) 667-2103

class action litigation in general and with the legal and factual issues of this case in particular.

**d. The Form and Manner of Notices to be sent to Class Members should be Approved.**

In order to protect the rights of absent Class members, the court must provide the best notice practicable to Class members of the potential Settlement whether the case is a class action or a collective action. As the Manual for Complex Litigation ("MCL") observes, individual notice shall be given to class members who can be identified through reasonable efforts. Those who cannot be readily identified must be given the "best notice practicable" under the circumstances. MCL 4th, §21.311. Mailed individual notice has consistently been found to satisfy the due process concerns in a class action, and is the superior method as opposed to notice by publication, which has been termed "a poor substitute" for actual notice. Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 175 (1974).

In this case, the notice program submitted to the Court satisfies all constitutional criteria. If the Settlement is granted Preliminary Court approval, this Court is being asked to approve the form of Notice and the plan for sending the Notices. CCI will directly mail Notice to the entire Class. Any notices that are returned as undeliverable will be submitted to a third party firm who will conduct advanced level computer searches utilizing nationwide databases and using Class member identifiers, including their last known address, middle initial, Social Security number, and date of birth. Notice will then immediately be sent to the new address identified for that class member. Courts recognize the average "undeliverable" rate is 10-15%. See, In re Ikon Office Solutions Inc. Securities Litigation, 209 F.R.D. 94, 101 (E.D. Pa. 2002); see also, Fidel, 534 F.3d at 514-15 (settlement of class action approved although 20% of class did not receive timely notice.) Upon final approval, the percentage of putative class members that received Notice will be

PLAINTIFF'S MEMORANDUM IN SUPPORT OF
UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT
PAGE 8

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
250 Northwest Blvd., Suite 206
Coeur d' Alene, Idaho 83814
Phone: (208) 667-2103

available.

The parties request this Court approve the Notices attached hereto as Exhibits B and C. Exhibit B shall be Notice of Collective Action and Class Action that shall be sent to the class members who already received and negotiated their settlement checks. Exhibit C shall be Notice of Collection Action and Class Action that shall be sent to those people who have not yet negotiated their settlement Checks.

e.  **CCI should be appointed as the Administrator of the Class.**

The Parties request that CCI be appointed to administer the sending of the Notices and Settlement checks as outlined in the Settlement Agreement.

f.  **A Final Approval of Settlement Hearing date should be set.**

The parties request that this Court set a hearing date for final approval of the Settlement. The putative class members are provided the opportunity to object to the settlement. The procedure in which to object is clearly identified in the Notices that are to be sent. If there are class members who wish to object, they can file an objection, appear, and or argue such objection to this Court at the date set for the final approval of the Settlement. This Court can then consider such objections when deciding to finally approve the Settlement.

g.  **Dismissal will be Requested at a Later Date.**

Upon notice to this Court of the payment of all settlement amounts, and the percentage of checks that were negotiated, the parties will request that the case be dismissed with prejudice.

V.  **SUMMARY OF KEY SETTLEMENT TERMS.**

A.  **Class Definition and Payout Fund to the Class.**

Members of the Class are all prior and current hourly employees of CCI from March 8, 2018

PLAINTIFF'S MEMORANDUM IN SUPPORT OF
UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT
PAGE 9

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
250 Northwest Blvd., Suite 206
Coeur d' Alene, Idaho 83814
Phone: (208) 667-2103

until October 31, 2018, who either 1) were improperly paid overtime wages, or 2) had improper deductions taken from their wages.

CCI has agreed to pay $70,954.10 as a Payout Fund for distribution to the Class, class representatives, and Class Counsel subject to the terms and conditions contained within the Settlement.

**B.     Determination of Settlement Amounts to Class Members.**

Class members shall receive payment in the amount of $5,954.10 which is equal to more than 100% of the wages due and owing to them, and/or the amount of unlawful deductions. To determine the amount to be paid to each putative class member, CCI fully audited their payroll records from March 8, 2018 through October 31, 2018 to determine the amount of settlement funds due to each putative class member. Class Counsel has reviewed this audit and has determined that the amount calculated by CCI is reasonable and supported by the payroll records.

**C.     Notice.**

Two distinct Notices shall be sent to the putative class members. Notice Exhibit B shall be sent to all putative class members who received, cashed or negotiated the settlement check that they were sent in October 2019. The Notice shall identify their right to object to the Settlement, but indicates that by cashing or negotiating the settlement check in October 2019, they have chosen to be a member of the class. The Notice also clearly identifies that the settlement check received in October 2019 is hereby determined to be their full and final settlement of the claims alleged in the collective and class action lawsuit.

Notice Exhibit C shall be sent to all putative class members who did not cash or negotiate their settlement checks in October 2019. Some individuals simply chose not to cash or negotiate

PLAINTIFF'S MEMORANDUM IN SUPPORT OF
UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT
PAGE 10

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
250 Northwest Blvd., Suite 206
Coeur d' Alene, Idaho 83814
Phone: (208) 667-2103

the check, while other settlement checks were returned as undeliverable. The undeliverable checks will be skip-traced by a third party, with Notice Exhibit C provided to the updated address. The Notice shall identify their right to object to the Settlement, and will identify their individual settlement amount, with an explanation that the check will be sent to them when the Court enters Final Approval of the Settlement.

D.    **Disbursement of Settlement Funds**

Pursuant to the terms of the Settlement, if the Settlement becomes final, the parties will wait for the appeal period to run and payout to the Class members who have not already received their settlement payments will begin within 3 days of the running of the appeal period. Settlement funds shall be sent first class mail to all class members at their last known address.

E.    **Class Representative Incentive Award.**

The Settlement provides for Dorinda Thompson, the Class Representative, to receive payment of $7,000 in recognition of her time and efforts on behalf of the Class. Incentive awards of this size are routine and proper. See, Ingram v. The Coca-Cola Co., 200 F.R.D. 685, 694 (N.D. Ga. 2001).

In this case, the Class Representative has been closely involved in the case and assumed an active role in assisting with the lawsuit being filed, provided information whenever asked, maintained regular contact with counsel, actively participated in discovery, and actively participated in the settlement discussions.

E.    **Payment of Attorney Fees.**

Under the FLSA, an award of reasonable attorneys' fees and costs to prevailing plaintiffs is mandatory. 29 U.S.C. § 216(b). Pursuant to the agreement of the parties and subject to the

PLAINTIFF'S MEMORANDUM IN SUPPORT OF
UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT
PAGE 11

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
250 Northwest Blvd., Suite 206
Coeur d' Alene, Idaho 83814
Phone: (208) 667-2103

Court's approval, Class Counsel's attorney fees and costs will be paid by CCI as provided for in the FLSA. The Settlement provides that CCI will pay Class Counsel a total of $58,000 for both attorney fees and costs, if approved by the Court. Class Counsel has filed supporting affidavits regarding the approval of these fees and costs. (see Affidavit of K. Smith with attached exhibits) As set forth in those pleadings, the amount of Class Counsel's fees and costs is appropriate and reasonable considering the work expended on the case, damage analysis that was completed, motion practice that occurred, and continued communication with the Class Representative and Defense counsel. Class Counsel's fees are approximately equal to her hourly rate applied to the number of hours spent on the matter. No enhancement is requested. Class Counsel has fully disclosed to the Class its intent to request fees and costs and the amount and manner in which such fees and costs would be paid in the Court approved notice.

## VI. CLASS ACTION SETTLEMENT APPROVAL PROCESS

Courts strongly favor and encourage settlements. This strong judicial policy has been held to be particularly true in collective and class actions, where the inherent costs, delays and risks of continued litigation might otherwise overwhelm any potential benefit the class could hope to obtain. Class Plaintiffs v. City of Seattle, 955 F.2d 1268, 1276 (9th Cir. 1992), cert. denied, 506 U.S. 953 (1992). Voluntary conciliation and settlement are the preferred means of dispute resolution. Grewe, 2016 WL 4014114, at *1 (W.D. Wash, 2016) Against this backdrop, this proposed Settlement is the best vehicle for Class members to receive the relief to which they are entitled in a timely and efficient manner, without the risk of litigation.

Approval of a class action settlement requires a three step process. First, the Court should grant preliminary approval of the Settlement. Second, Notice to the class members shall be

PLAINTIFF'S MEMORANDUM IN SUPPORT OF
UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT
PAGE 12

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
250 Northwest Blvd., Suite 206
Coeur d' Alene, Idaho 83814
Phone: (208) 667-2103

approved by the Court and sent to putative class members. The third and final step is the final approval hearing and final approval of the Settlement, the issue which will be before this Court at a later date.

## VII.   CONCLUSION

In general, the approved Settlement would result in the following:

1) Notification to all prior and current employees who already received and negotiated the settlement payments sent in October 2019 that the settlement payment is hereby determined to meet the expectations of settlement in this matter, and their right to object;

2) Skip tracing and resending of Notice to any putative class member whose settlement letters from October 2019 were returned as undeliverable or who did not negotiate the settlement check that was sent, with notice that the settlement payment will be sent for the purpose of settlement in this matter, and their right to object;

3) Payment to class members in the amount of $5,954.10.

4) Payment of a class representative fee to Dorinda Thompson in the amount of $7,000.00.

5) Payment of attorney fees and costs to the Class Counsel in the amount of $58,000.00.

For the purpose of settlement only, the parties agree that a bona fide dispute exists. Plaintiff claims that CCI failed to calculate overtime wages as required by the Fair Labor Standards Act. Plaintiff also claims that CCI made deductions from employee wages in amounts more than what is allowed by Idaho law. CCI denies any liability or wrongdoing, and denies that Plaintiff and those similarly situated were denied any payment of wages or had unlawful deductions taken from their wages.

PLAINTIFF'S MEMORANDUM IN SUPPORT OF
UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT
PAGE 13

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
250 Northwest Blvd., Suite 206
Coeur d' Alene, Idaho 83814
Phone: (208) 667-2103

The parties have determined that it is in their best interests to resolve the litigation as set forth in the Settlement. This decision included the analysis of the likelihood of prevailing on the merits of their claims and defenses, the chances of obtaining certification and decertification, the proper method of calculating damages, the likelihood of obtaining more damages through a trial on the merits, and the expense of time and resources by both parties to continue motion practice and trial preparation weighed against the risk of a trial on the merits. Plaintiff and her counsel have considered the value of her claims and the claims of those similarly situated, and have concluded that the proposed settlement provides a fair and reasonable resolution of the claims for all members of the class

DATED this 19th day of June, 2020.

/s/ Kammi Mencke Smith
KAMMI MENCKE SMITH, ISB No. 7834
Winston & Cashatt, Lawyers
Attorneys for Plaintiff

PLAINTIFF'S MEMORANDUM IN SUPPORT OF
UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT
PAGE 14

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
250 Northwest Blvd., Suite 206
Coeur d' Alene, Idaho 83814
Phone: (208) 667-2103

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 19th day of June, 2020, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which sent a Notice of Electronic Filing to the following person:

    Peter C. Erbland
    perbland@lclattorneys.com

    /s/ Abigail Evans
    Paralegal

PLAINTIFF'S MEMORANDUM IN SUPPORT OF
UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT
PAGE 15

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
250 Northwest Blvd., Suite 206
Coeur d' Alene, Idaho 83814
Phone: (208) 667-2103